## Case No. 2,038.

### BROWNELL v. DYER.

[5 Mason, 227.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1828.

#### EASEMENT—RIGHT OF WAY—OBSTRUCTION BY COVENANTOR.

If a right of way be limited to particular purposes, and there yet be a covenant, that the same way shall be kept open and free of incumbrances, the grantor has no right to put a fence on the same, or in any other manner to obstruct the same way.

At law. Case [by Pardon Brownell against Elisha Dyer] for disturbance of a

[1] [Reported by William P. Mason, Esq.]

right of way ten feet wide. Plea, not guilty. [Verdict for plaintiff.]

At the trial it appeared, that the parties respectively claimed title to the premises on each side of the way, as privies in estate of Benjamin Eddy and John Young, between whom an indenture was made on the 18th of September, 1794, under which the right of way was claimed. The indenture was, in substance, as follows, viz.: "This indenture made, &c. between Benjamin Eddy, &c. of one part, and John Young, &c. on the other part, witnesseth, that the said Benjamin Eddy for the considerations hereafter mentioned to be kept and performed by the said John Young, will, on or before the 1st day of May next, lay open the following strip or piece of land off the ˟westerly side of his house-lot, on Westminster street in said Providence, bounded and described as follows: beginning, &c. And the said Benjamin Eddy for himself, his heirs, executors, administrators, and assigns, doth hereby covenant to and with the said John Young, his heirs, &c. that the said strip ʹof land (which was seven feet wide) shall from and after the said 1st day of May next forever be kept open, free and clear of any buildings, or other encroachments, for the mutual benefit of the said parties and their assigns; and the said John Young, on the other part, for himself, for the considerations above mentioned, to be kept and performed by the said Benjamin Eddy, covenants and engages to lay open the following strip of land off the easterly side of his house-lot on said Westminster street, bounded and described as follows, beginning, &c.; and the said John Young for himself, his heirs, &c. covenants to and with the said Eddy, his heirs, &c. that from and after the 1st day of May next, the said described strip of land, three feet wide, and extending northerly from said street eighty feet, shall forever after be kept open for the mutual use and benefit of the said parties and their assigns, clear of any buildings, or other encroachments. In testimony whereof," &c. To this agreement there was added the following memorandum, signed by said Eddy and Young: "N. B. 'Tis to be remembered, that the mutual benefit expressed in the above indenture, respecting the seven and three feet of land, is to be considered as follows, viz. that each party has liberty for suitable jetts and window-frames to the houses, over it; that said Young has only liberty of passing and repassing occasionally for repairing and other special purposes, and for light and air to his buildings; said Eddy has the use of the seven and three feet for passing and repassing as a gangway at all times, and light and air, or other uses, not obstructing Mr. Young's privileges above described." It appeared in evidence, that in July or August last past, the defendant, who claims under Eddy, put up a fence on the line of his land, and extended the fence the whole length of the way, leaving only three feet next to the plaintiff's estate (which was Young's) open. In front, upon the street, he also erected a gate. The principal question at the trial was, as to the true construction of the terms of the indenture.

Mr. Whipple, for plaintiff.
Thomas Burgess, for defendant.

BY THE COURT. The true intent of the indenture is, that there shall always be kept open for the benefit of the parties, free of buildings and encroachments, a way of ten feet. Neither party is at liberty to narrow, or enclose any part of the space so agreed to be left open. It is true, that by the memorandum Young has not a general right of passage for all purposes, but a limited right only "of passing and repassing occasionally for repairing and other special purposes, and for light and air for his buildings." But this use does not narrow the effect of the covenants in the indenture to have the way kept free and without incumbrances. On the contrary, the very object of the parties in respect to this limited right of way is best attained by a free passage, not only for repairing, but for light and air. The fence was, therefore, wrongfully erected by the defendant. Verdict for the plaintiff.